UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

OFFICE OF THE CLERK
800 UNITED STATES COURTHOUSE
NASHVILLE, TENNESSEE 37203

615-736-7396

May 25, 2000

FILED
'00 MAY 30 PM 2:31
CLAR...

Clerk
U. S. District Court
U. S. Courthouse
299 East Broward Blvd.
Fort Lauderdale, FL 33301

Re: TRANSMISSION OF RULE 40 DOCUMENTS
USA v. William T. Moccia (Complaint No. 00-4092)
Southern District of Florida Criminal Case No. 00-6119-CR-Zloch
Middle District of Tennessee Magistrate Case No. 00-4064

Dear Clerk:

Enclosed please find certified copies of all Rule 40 paperwork for the above-referenced case.

Sincerely,

Ann E. Schwarz
Ann E. Schwarz
Criminal Deputy Clerk Supervisor

Enclosures

cc: AUSA Larry Moon
AFPD Sumter Camp
U.S. Marshal Service
U.S. Probation Office

56

TERMED

U.S. District Court
MIDDLE DISTRICT OF TENNESSEE (Nashville)

CRIMINAL DOCKET FOR CASE #: 00-M -4064-ALL

USA v. Moccia
Dkt# in other court: None

Filed: 05/08/00

Case Assigned to: Magistrate Judge Kent Sandidge, III

WILLIAM T. MOCCIA (1) , Rule 40 to Southern District of Florida at Fort Lauderdale for Criminal Case No. 00-6119 (originally Complaint No. 00-1092)
aka
"Billy"
deft
[term 05/25/00]

Sumter L. Camp, Jr.
[term 05/25/00]
[COR LD NTC pda]
Federal Public Defender's Office
810 Broadway
Suite 200
Nashville, TN 37203
(615) 736-5047

FILED
'00 MAY 30 P12:31
CLA

Pending Counts:

NONE

Terminated Counts:

NONE

Complaints:

NONE

U. S. Attorneys:

Lawrence W. Moon
[COR LD NTC]
Office of the United States Attorney
110 Ninth Avenue, S
Suite A961
Nashville, TN 37203-3870
(615) 736-5151

ATTEST AND CERTIFY
A TRUE COPY
Clerk
U.S. District Court
Middle District of Tennessee
By: [signature]
Deputy Clerk

Proceedings include all events. TERMED
3:00m 4064-ALL USA v. Moccia

| | | |
|---|---|---|
| 5/8/00 | 1 | Arrest warrant issued by Southern District of Florida at Fort Lauderdale executed on 5/8/00 as to deft William T. Moccia (as) [Entry date 05/10/00] |
| 5/9/00 | 2 | MOTION by Govt for detention as to deft William T. Moccia (as) [Entry date 05/10/00] |
| 5/9/00 | 3 | CLERKS RESUME of hearing before Magistrate Judge Kent Sandidge III: Initial appearance of deft William T. Moccia on out-of-district warrant held 5/9/00. Deft appeared with appointed counsel Sumter Camp. Deft temporarily detained on motion by Govt [2-1]. Detention hearing is set for 2:30 p.m. on 5/12/00. (as) [Entry date 05/10/00] |
| 5/9/00 | 4 | CJA Form 23 (Financial Affidavit) as to deft William T. Moccia (as) [Entry date 05/10/00] |
| 5/9/00 | 5 | ORDER by Magistrate Judge Kent Sandidge III appointing counsel for deft William Moccia (cc: all counsel) (as) [Entry date 05/10/00] |
| 5/12/00 | 6 | CLERKS RESUME of hearing before Magistrate Judge Kent Sandidge III: Deft William Moccia appeared with counsel Sumter Camp for preliminary hearing and detention hearing on 5/12/00. Preliminary hearing not required. Deft was indicted 5/11/00 in the Southern District of Florida, Criminal Case No. 00-6119. Deft to be released on a $100,000 Property Bond and is to remain in custody until posted. Motion by Govt for detention [2-1] termed. (as) [Entry date 05/25/00] |
| 5/12/00 | 7 | WAIVER of RULE 40 identity hearing executed by deft William T. Moccia (as) [Entry date 05/25/00] |
| 5/15/00 | 8 | ORDER setting conditions of release by Magistrate Judge Kent Sandidge III for deft William T. Moccia: Deft to be held in custody until $100,000 property bond is posted. (as) [Entry date 05/25/00] |
| 5/15/00 | 9 | ORDER by Magistrate Judge Kent Sandidge III with respect to person arrested on out-of-district warrant: Deft William Moccia is held to answer in the Southern District of Florida at such time as required by notice or order. (as) [Entry date 05/25/00] |
| 5/17/00 | 10 | MOTION by deft William T. Moccia for amendment of conditions of release. (as) [Entry date 05/25/00] |
| 5/17/00 | 11 | CLERKS RESUME of hearing before Magistrate Judge Kent Sandidge III: Deft William Moccia appeared with counsel Sumter Camp for hearing on the motion by deft for amendment of conditions of release [10-1]. Amount of property bond reduced to $80,000 (home and two vehicles). (as) [Entry date 05/25/00] |

Proceedings include all events.
3:00m 4064-ALL USA v. Moccia

TERMED

| | | |
|---|---|---|
| 5/17/00 | 12 | ORDER by Magistrate Judge Kent Sandidge III: Upon motion by deft William T. Moccia for amendment of conditions of release [10-1], a hearing was held 5/17/00. Conditions of release are amended: Property bond is reduced from $100,000 to $80,000; deed of trust and titles for two vehicles. (EOD 5/25/00) (cc: all counsel) (as) [Entry date 05/25/00] |
| 5/17/00 | 13 | APPEARANCE BOND ($80,000 Property Bond) by deft William T. Moccia, 3156 Haywood Road, Pulaski, TN, 38478. (as) [Entry date 05/25/00] |
| 5/17/00 | 14 | ORDER setting conditions of release by Magistrate Judge Kent Sandidge III for deft William T. Moccia: Deft is ordered released. (as) [Entry date 05/25/00] |
| 5/18/00 | 15 | AFFIDAVITS of deft William T. Moccia and wife Terry Moccia re: Certificates of Title for two vehicles as security for appearance bond [13-1]. (Original affidavits to financial) (as) [Entry date 05/25/00] [Edit date 05/25/00] |
| 5/23/00 | 16 | COLLATERAL RECEIVED 5/18/00 (Receipt #74183) in the form of a Deed of Trust for 3156 Haywood Creek Rd., Pulaski, TN, from deft William and wife Terry Moccia (as) [Entry date 05/25/00] |
| 5/23/00 | 17 | COLLATERAL RECEIVED 5/18/00 (Receipt #74183) in the form of a Certificate of Title for a 1993 Ford F350 received from deft William T. Moccia (as) [Entry date 05/25/00] |
| 5/23/00 | 18 | COLLATERAL RECEIVED 5/18/00 (Receipt #74183) in the form of a Certificate of Title for a 1990 Ford Thunderbird received from deft William T. Moccia (as) [Entry date 05/25/00] |
| ./25/00 | -- | RULE 40 documents transmitted to Southern District of Florida at Fort Lauderdale as to deft William T. Moccia (as) [Entry date 05/25/00] |

47287

**FILED**
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENN.
MAY 08 2000
BY [signature]
DEPUTY CLERK

AO 442 (Rev. 12/85) Warrant for Arrest AUSA BERTHA R. MITRANI, SPECIAL AGENT THOMAS J. PEDPATH 489-1722

# United States District Court

SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

V.

WILLIAM T. MOCCIA
a/k/a "BILLY"

## WARRANT FOR ARREST

CASE NUMBER: 00-4092-SNOW

TO: **The United States Marshal
and any Authorized United States Officer**

YOU ARE HEREBY COMMANDED to arrest WILLIAM T. MOCCIA
Name

and bring him or her forthwith to the nearest magistrate to answer a(n)

☐ Indictment ☐ Information ☒ Complaint ☐ Order of court ☐ Violation Notice ☐ Probation Violation Petition

charging him or her with (brief description of offense) knowingly and intentionally conspiring to import and to possess with intent to distribute marijuana into the United States from a place outside, knowingly and intentionally importing marijuana into the United States from a place outside and knowingly and intentionally possessing with the intent to distribute marijuana

FILED BY ... CLERK
00 MAY 30 PM 2:3

in violation of Title 21 United States Code, Section(s) 841(a)(1), 846, 952(a), 963

Lurana S. Snow
Name of Issuing Officer

United States Magistrate Judge
Title of Issuing Officer

[signature: Denny Butler]
Signature of Issuing Officer

May 1, 2000 at Fort Lauderdale, Florida
Date and Location

Bail fixed at $Pre-trial detention requested

[signature: Lurana S. Snow]
by Lurana S. Snow, United States Magistrate Judge
Name of Judicial Officer

| RETURN | | |
|---|---|---|
| This warrant was received and executed with the arrest of the above defendant at 3156 HAYWOOD ROAD PULASKI, TN | | |
| DATE RECEIVED 05/05/00 | NAME AND TITLE OF ARRESTING OFFICER TFO LANCE HAMPTON | SIGNATURE OF ARRESTING OFFICER [signature: Lance Hampton] |
| DATE OF ARREST 05/08/00 | | |

(1)

AO 91 (Rev. 5/85) Criminal Complaint

AUSA Mitrani/Redpath (DEA)

# United States District Court

FILED by D.C.
MAY - 1 2000
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

V.

LAWRENCE LONDON, and
WILLIAM T. MOCCIA A/K/A "BILLY"

**CRIMINAL COMPLAINT**

CASE NUMBER: 00-4092-SNOW

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about April 23, 2000 in Broward county, in the Southern District of Florida and elsewhere, the defendants knowingly and intentionally conspired to import and to possess with the intent to distribute a Schedule II controlled substance, that is, marijuana; knowingly and intentionally imported a Schedule II controlled substance, that is, marijuana; and knowingly and intentionally possessed with the intent to distribute a Schedule II controlled substance, that is, marijuana;

in violation of Title 21 United States Code, Section(s) 841(a)(1), 846, 952(a) (1), 963

I further state that I am a(n) Special Agent (Official Title) and that this complaint is based on the following facts:

Please see attached affidavit.

Continued on the attached and made a part hereof: [x] Yes [ ] No

Thomas J. Redpath, Special Agent
Drug Enforcement Administration

Sworn to before me, and subscribed in my presence,

May 1, 2000 (Date) at Ft. Lauderdale, FL (City and State)

LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer

Signature of Judicial Officer

cr-06119-WJZ Document 56 Entered on FLSD Docket 05/31/2000 Pa

**AFFIDAVIT**

I, Thomas J. Redpath, having first been duly sworn, do hereby state and depose the following:

1. I am a Special Agent with the Drug Enforcement Administration ("DEA"), and have been so employed since 1996. Prior to that I was a law enforcement officer for the Pompano Beach, Broward County, Florida Police Department for approximately six years. Throughout my career in law enforcement, I have received hundreds of hours of training in drug interdiction, including training in drug identification, testing, manufacturing, pricing, concealment, importation and distribution of narcotics. The information in this affidavit is based on my personal knowledge and that of other law enforcement officers and agents. Because this affidavit is being submitted for the limited purpose of establishing probable cause for arrests in this case, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts which I believe are necessary to establish probable cause for the arrests in this case.

2. On or about April 24, 2000, the United States Coast Guard discovered approximately ten bales of what appeared to them to be marijuana, weighing approximately 413 pounds, floating in the Atlantic Ocean. The suspected marijuana was discovered at the coordinates of 26 degrees by 11 minutes north and 79 degrees by 59 minutes west. The substance field tested positive for the presence of THC.

3. On or about April 25, 2000, a special agent employed by DEA received a telephone call from an anonymous source asking whether they were aware of the Coast Guard's marijuana seizure. The anonymous source went on to say that he had called about a week prior to advise

DEA that marijuana was going to be air dropped and that the Coast Guard's seizure was part of that air drop. The anonymous source stated that approximately seven to eight hundred pounds of the air dropped marijuana was located at 2371 NE 23rd Court, Pompano Beach, Florida. The anonymous source advised that this was a yellow house, which had a white garage door, a blue car and a sailboat in the back. The anonymous source further advised that his sources indicated that the marijuana was going to be moved shortly.

4. On or about April 25, 2000, Detective Andy Weiman, of the Broward Sheriff's Office, determined that 2371 NE 23rd Court, Pompano Beach, was not a valid address. However, Detective Weiman discovered an address of 2731 NE 23rd Court, Pompano Beach, Florida, Broward County, which was a yellow house, with a white garage, with a red car in the front and a sailboat in the back. Detective Weiman is also canine officer and works with a dog trained to detect the odor of controlled substances. Detective Weiman "ran" his dog around 2731 NE 23rd Court, and the dog alerted to the presence of the odor of a controlled substance outside the garage door.

5. Detective Weiman knocked on the door, which was answered by Lance Myers Detective Weiman identified himself and the purpose of his visit. Lance Meyers and Detective Weiman were discussing certain matters, whereupon Terrill Myers, Lance's father and the owner of the house at 2731 NE 23rd Court, arrived. Terrill Myers consented to a search of his house.

6. In the garage at 2731 NE 23rd Court, DEA agents discovered a 1988 Blue Hyundai, which is owned by Terrill Myers. Terrill Meyers consented to a search of his vehicle, and directed the agents to the keys to his car. The agents discovered approximately 117 pounds of what appeared to be marijuana in the trunk of the car. The substance field tested positive for the

presence of THC.

7. After being advised of his rights against self incrimination, Erik Johnson, who was present in Meyers' house, advised that about two and half weeks prior, he was contacted by Greg Pillock regarding the air drop. Pillock inquired as to whether Johnson knew anyone with a boat. About two days after that, Johnson contacted his friend, Lance Meyers, who advised that his father, Terrill Myers, owned a boat. About two days after that Johnson spoke with Terrill Meyers about using his boat in the air drop operation. About three days after that, Pillock, Terrill Meyers and Johnson met to discuss the details of the drop. According to Johnson, Pillock advised them that the marijuana was to be dropped off from an airplane at predetermined coordinates, which he could not-recall Johnson further stated that on April 16, 2000, Meyers and he executed a dry run of the operation wherein they approached the given coordinates at 4 p.m. An airplane flew overhead and radioed them, inquiring "Gizmo, how's the fishing?" They responded, and the plane continued to fly overhead.

Johnson stated that on April 23, 2000, at about 9 p.m., Meyers and he proceeded to the agreed upon coordinates. At about 11 p.m., they saw a plane flying overhead. The captain radioed them, inquiring, "Gizmo, how's the fishing?" They responded, whereupon four large cubes of marijuana were ejected from the plane. Upon hitting the water, the cubes broke apart. Meyers and he retrieved as much of the marijuana as they could, returned to Meyer's house, whereupon the marijuana was off loaded.

8. Johnson further advised that Meyers and he were suppose to receive $100,000, for their services. He indicated that the marijuana which was stored in Meyers' Blue Hyundai was collateral for this payment. (*See* paragraph 6 above)

9. Johnson further advised that Pillock resided at 2400 NE 10th Court, Apartment 10, Pompano Beach, Florida.

10. After Johnson completed his statement, Detective Weiman proceeded to Pillock's alleged residence at 2400 NE 10th Court, Apartment 10, Pompano Beach, Florida. Outside of the apartment, Detective Weiman observed a 1989 Ford Club Wagon which was registered to Greg Pillock. Detective Weiman unleashed his drug detecting dog for the purpose of giving him an opportunity to run around, and the dog alerted to the presence of an odor of a controlled substance emanating from an Enterprise Rental Van, which was on the east end of Pillock's apartment complex.

11. On April 26, 2000, agents observed Greg Pillock, cleaning the 1989 Ford Club Wagon. They observed him place the refuse in a grey garbage bag which he threw in a dumpster. Agents approached the dumpster and observed the grey trash bag inside of it. It was the only item in the dumpster. They retrieved the bag and discovered what appeared to be marijuana residue. The substance field tested positive for the presence of THC.

12. Later that same afternoon, April 26, 2000, agents observe Pillock board an Enterprise Rental Van, the same van identified in paragraph 10. Pillock drove the van northbound on the Florida Turnpike.

13. A trooper from the Florida Highway Patrol stopped the vehicle. Detective Weiman approached Pillock, and began to identify himself and the reason for the stop; namely he was being arrested for possessing the marijuana which he cleaned out of his van and attempted to discard. (*See* paragraph 11) Pillock responded, "I know why." Pillock consented to a search of the van, whereupon approximately 330 pounds of what appeared to be marijuana was discovered.

The substance field tested positive for the presence of THC.

14. After being advised of his rights against self-incrimination, Pillock confessed that "LARRY" LONDON, a pilot, and he had been discussing an airdrop of marijuana. LONDON was employed as a pilot for UPS, in Swainsboro, Georgia. He was also a manager of the Emmanuel County Airport in Swainsboro, Georgia. LONDON agreed to pick up the marijuana from Jamaica, and drop it into the ocean for pick up. Pillock, however, needed to front the money for the operation. After Pillock found a financier, he contacted LONDON. LONDON advised Pillock to contact Tar Heel Aviation, the owner of a Cessna Caravan 208B Single Engine Plane, (the "Cessna") which it leased to UPS, and arrange for someone to sublease the plane. LONDON further advised Pillock that the subleasor should designate LONDON as the pilot. PILLOCK further stated that LONDON designated 80 degrees North by 24 to 26 degrees west as the coordinates where the marijuana would be dropped.

15. Pillock went on to state that on April 23, 2000, LONDON flew from Swainsboro Geogia to Fort Lauderdale In Fort Lauderdale, he loaded his plane with certain items from Pillock's warehouse, and flew to Jamaica. On a Customs' Form which LONDON submitted, the stated purpose of his trip to Jamaica was to deliver electronic equipment. On the same day, LONDON flew back from Jamaica to Fort Lauderdale. At about 10:20 p.m., LONDON reached the designated coordinates, and radioed the boat. LONDON made contact with the boat, the boat flashed a Q-Beam at the airplane, and then an individual ejected the four cubes of marijuana. Pillock further advised that "BILLY" was in the plane with LONDON and was the individual who ejected the marijuana.

Pillock further advised that LONDON was expected to drop approximately 1900 pounds

of marijuana. Pillock was at Terrill Meyer's house when Meyers and Johnson returned from the pick up. They transferred the marijuana from Meyer's boat to Pillock's van, a 1989 Ford Club Wagon. They weighed the marijuana on a bathroom scale and it weighed approximately 1200 pounds. Accordingly, they were missing about 700 pounds of marijuana. Pillock advised that LONDON was suppose to receive approximately 350 pounds, Pillock was suppose to receive approximately 330 pounds and Meyers and Johnson were suppose to receive approximately $100,000.

Pillock stated that following the offload, he met with LONDON, "BILLY" (believed to be WILLIAM T. MOCCIA), Meyers and others at a Denny's restaurant located at North Federal Highway in Pompano Beach, Florida. They agreed that LONDON's cut of the marijuana would be removed from Pillock's van, and be given to another individual who would drive it to LONDON's ranch in Georgia.

16. On April 23, 2000, LAWRENCE LONDON completed a Custom's Form 5129, Crew Member's Declaration wherein LONDON declared that he had flown from Jamaica to Fort Lauderdale on that date, and had one other crew member on board, WILLIAM T. MOCCIA. The document reflects that LONDON went through the United States Customs Service in Fort Lauderdale airport at approximately 11:18 p.m., on April 23, 2000.

17. Agents checked the Global Positioning System on Terrill Meyer's boat, and the coordinates 80 degrees North by 24 to 26 degrees west were the last programmed coordinates

18. Agents contacted Tar Heel Aviation. The General Manager, George Learning advised that Tar Heel did in fact lease a Cessna Caravan 208 B Single Engine plane to UPS, and that it was common for that plane to be subleased for use when UPS was not in need of the plane.

He further advised that he received a letter dated April 7, 2000, from a Keith Wilson requesting to sublease the plane on the weekend of April 16, 2000, and requesting LONDON as the pilot. He further advised that a subleasing agreement was executed and that the plane was subleased for the weekend of April 22, 2000.

20. On or about April 27, 2000, the Cessna aircraft which LONDON had piloted was parked at the Emmanuel County Airport, in Swainsboro, Georgia A dog trained to alert to the presence of the odor of controlled substances alerted to the Cessna Aircraft. LONDON was confronted by law enforcement officers. He admitted flying to Jamaica but denied knowledge of narcotics. He denied consent to search the Cessna.

WHEREFORE, I believe there is probable cause to believe that LAWRENCE LONDON and WILLIAM T. MOCCIA did knowingly and intentionally conspire to import into the United States, from a place outside thereof, a controlled substance, to wit: marijuana, in violation of Title 21, United States Code, Sections 952(a) and 963; did knowingly and intentionally conspire to posses with the intent to distribute a controlled substance, to wit: marijuana, in violation of Title 21, United States Code, Sections 841(a)(1) and 846, did knowingly and intentionally import into the United States, from a place outside thereof, a

controlled substance, to wit: marijuana, in violation of Title 21, United States Code, Section 952(a) and did knowingly and intentionally posses with the intent to distribute a controlled substance, to wit: marijuana, in violation of Title 21, United States Code, Section 841(a)(1).

**FURTHER AFFIANT SAYETH NAUGHT.**

THOMAS J. REDPATH, SPECIAL AGENT
DRUG ENFORCEMENT ADMINISTRATION

Sworn and subscribed before
me this 15th day of May, 2000.

LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

LWM/cas:5-9-00

UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

FILED
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENN.
MAY 09 2000
BY [signature]
DEPUTY CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 00-4064 |
| | ) | Magistrate Judge Sandidge |
| WILLIAM T. MOCCIA, a/k/a "Billy" | ) | |
| | ) | |

00 MAY 30 PM 2:31

MOTION FOR DETENTION

Pursuant to Title 18, United States Code, Section 3142, the government moves to have the defendant detained pending proceedings in this matter, on the basis that he presents a danger to the community and that he may flee.

The government moves the Court to continue the detention hearing for three days.

Respectfully submitted,

WENDY H. GOGGIN
United States Attorney for the
Middle District of Tennessee

BY [signature]
LAWRENCE W. MOON, JR.
First Assistant U. S. Attorney
110 9th Avenue South, A961
Nashville, Tennessee 37203
Phone: 615-736-5151



IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

FILED
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENN.
MAY 1 2 2000
DEPUTY CLERK

UNITED STATES OF AMERICA )
v. )
)
WILLIAM T. MOCCIA )

**WAIVER OF RULE 40 HEARINGS**

MD/TN NO. 00-4064-MS

I, WILLIAM T. MOCCIA, understand that in the Southern District of Florida (Syracuse), charges are pending alleging violation of Title 21, U.S.C. Sections 841(a)(1); 846; 952(a) and 963, and that I have been arrested in this District and taken before a United States Magistrate Judge, who informed me of the charge(s) and of my right to:

( x ) Retain counsel or request the assignment of counsel if I am unable to retain counsel;
( x ) An identity hearing to determine if I am the person named in the charge;
( x ) A preliminary examination (unless an indictment has been returned or an information filed) to determine whether there is probable cause to believe an offense has been committed by me (either in this District or the District of Prosecution);
( x ) My right to a hearing on the Government's motion for detention (either in this District or the District of Prosecution); and
( x ) Request transfer of the proceedings to this District pursuant to Rule 20, Fed.R.Crim.P., in order to plead guilty;

00 MAY 30 PM 2:35

I HEREBY WAIVE (GIVE UP) MY RIGHT TO THE FOLLOWING:

(✓) an identity hearing in the Middle District of Tennessee;
( ) a preliminary examination in the Middle District of Tennessee;
( ) a detention hearing in the Middle District of Tennessee.

I HEREBY REQUEST THE FOLLOWING:

( ) a preliminary hearing to be held in the district of prosecution;
( ) a detention hearing to be held in the district of prosecution.

I therefore consent to the issuance of an order requiring my appearance in the prosecuting district where the charge(s) is (are) pending against me.

Defendant

Counsel for Defendant

**APPROVED IN OPEN COURT:** United States Magistrate Judge

Date: 5/12/00 ~~May 11, 2000~~

7

cr-06119-WJZ Document 56 Entered on FLSD Docket 05/31/2000 Pa

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

3:30

UNITED STATES OF AMERICA V. William Moccia
CRIMINAL NO. 00-4064-MS OUT OF DISTRICT NO. 00-4092-SNOW

FILED
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENN.
MAY 0 9 2000
BY [signature]
DEPUTY CLERK

**MAGISTRATE JUDGE'S RESUME**

**INITIAL HEARING HELD:** 05/09/00 **Defendant Arrested:** ______

Government represented by: AUSA Moore
Defendant advised of contents of (Complaint)/Indictment/Information ✓
Defendant advised of constitutional rights ✓
Defendant advised of right to preliminary hearing ✓
**Defendant appeared with retained counsel:** ✓ NO __ YES -- Name: ______

Financial Affidavit filed: __ NO ✓ YES
**Federal Public Defender appointed:** __ NO ✓ YES **Name:** Sumter Camp

Government filed motion for Detention: __ NO ✓ YES
Defendant temporarily detained: __ NO ✓ YES
Defendant is in State custody: ✓ NO __ YES
Defendant released on ______ bond
MAGISTRATE: __ GRIFFIN __ BROWN ✓ SANDIDGE

**PRELIMINARY HEARING HELD:** ______ **WAIVED:** ______

Bound Over/Discharged/Held to Answer in District of Prosecution
MAGISTRATE: __ GRIFFIN __ BROWN __ SANDIDGE

**DETENTION HEARING ~~HELD~~:** set for 5/12 2:30 pm. (Ctroom 776) **WAIVED:** ______

Defendant appeared with counsel: __ NO __ YES Name: ______
Bond set at ______ Released on ______
Defendant detained until trial, order entered ______
MAGISTRATE: __ GRIFFIN __ BROWN __ SANDIDGE

**GRAND JURY WAIVED:** ______

MAGISTRATE: __ GRIFFIN __ BROWN __ SANDIDGE

**ARRAIGNMENT HELD** ______ **WAIVED:** ______

Defense counsel: ______
Defendant acknowledges he/she has copy of Indictment/Information ______
Waives reading thereof ______
Plea: __ Guilty __ Not Guilty
Intends to plead guilty and referred to District Judge ______
Defendant did not appear, bench warrant issued ______
Continued to: ______
MAGISTRATE: __ GRIFFIN __ BROWN __ SANDIDGE

**OTHER:**

Defendant appeared on ______ to apply for appointment of counsel
Financial affidavit filed: __ NO __ YES
Federal Public Defender appointed: __ NO __ YES

**Date defendant first appeared with counsel other than one of the above:** ______
Name of counsel: ______
Type of hearing: ______
MAGISTRATE: __ GRIFFIN __ BROWN __ SANDIDGE

(8)

# FINANCIAL AFFIDAVIT

CJA 23 (Rev 5/98)

IN SUPPORT OF REQUEST FOR ATTORNEY, EXPERT OR OTHER COURT SERVICES WITHOUT PAYMENT OF FEE

IN UNITED STATES ☐ MAGISTRATE ☐ DISTRICT ☐ APPEALS COURT or ☐ OTHER PANEL (Specify below)

IN THE CASE OF ______ VS. ______

FOR ______ AT ______

FILED
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENN.
MAY 0 9 2000
BY [signature] DEPUTY CLERK

LOCATION NUMBER

PERSON REPRESENTED (Show your full name): William Moccia

1 ☑ Defendant - Adult
2 ☐ Defendant - Juvenile
3 ☐ Appellant
4 ☐ Probation Violator
5 ☐ Parole Violator
6 ☐ Habeas Petitioner
7 ☐ 2255 Petitioner
8 ☐ Material Witness
9 ☐ Other (Specify) ______

DOCKET NUMBERS
Magistrate: 00-4064
District Court
Court of Appeals

CHARGE/OFFENSE (describe if applicable & check box →) ☒ Felony ☐ Misdemeanor

## ANSWERS TO QUESTIONS REGARDING ABILITY TO PAY

### ASSETS

**EMPLOYMENT**

Are you now employed? ☐ Yes ☐ No ☒ Am Self Employed

Name and address of employer: Pulaski Housing Authority

**IF YES**, how much do you earn per month? $ 2000.00

**IF NO**, give month and year of last employment
How much did you earn per month? $ ______

If married is your Spouse employed? ☐ Yes ☒ No

**IF YES**, how much does your Spouse earn per month? $ ______

If a minor under age 21, what is your Parents or Guardian's approximate monthly income? $ ______

**OTHER INCOME**

Have you received within the past 12 months any income from a business, profession or other form of self-employment, or in the form of rent payments, interest, dividends, retirement or annuity payments, or other sources? ☒ Yes ☐ No

IF YES, GIVE THE AMOUNT RECEIVED & IDENTIFY $ THE SOURCES

| RECEIVED | SOURCES |
|---|---|
| 2000.00 | Lumber Sales |
| 500.00 | Jewell Hill Const. Company |
| | |

**CASH**

Have you any cash on hand or money in savings or checking account ☒ Yes ☐ No IF YES, state total amount $ 3000.00

**PROPERTY**

Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)? ☒ Yes ☐ No

IF YES, GIVE THE VALUE AND $ DESCRIBE IT

| VALUE | DESCRIPTION |
|---|---|
| 2000.00 | 90 Ford T Bird |
| 1000.00 | 76 Chevy P/U |
| 5000.00 | 93 Ford P/U |
| 120000 | Home |

### OBLIGATIONS & DEBTS

**DEPENDENTS**

MARITAL STATUS: ☐ SINGLE ☒ MARRIED ☐ WIDOWED ☐ SEPARATED OR DIVORCED

Total No. of Dependents: 3

List persons you actually support and your relationship to them.
Wife Terry
Step-Son Justin
Daughter Amanda

**DEBTS & MONTHLY BILLS** (LIST ALL CREDITORS, INCLUDING BANKS, LOAN COMPANIES, CHARGE ACCOUNTS, ETC.)

| Creditors | Total Debt | Monthly Payt |
|---|---|---|
| APARTMENT OR HOME: 1st National | $ 60,000 | $ 750.00 |
| Discover Card | $ 2500 | $ 150.00 |
| Wallis Const. Company | $ 1500.00 | $ 1500 |
| Mid-South Concrete Co. | $ 2000.00 | $ 2000 |

I certify under penalty of perjury that the foregoing is true and correct. Executed on (date) 5-9-00

SIGNATURE OF DEFENDANT (OR PERSON REPRESENTED) [signature]

(4)

FILED
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENN.
MAY 0 9 2000
BY [signature]
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

UNITED STATES OF AMERICA )
)
v. ) NO. 00-4064-MS
) MAGISTRATE JUDGE SANDIDGE
WILLIAM MOCCIA )

**ORDER**

On the basis of the defendant's affidavit in this cause, the Court determines that the defendant:

☐ is financially able to employ counsel and, therefore, denies his application for appointment of counsel at government expense.

☑ is financially unable to employ counsel and appoints the Office of the Federal Public Defender to represent him.

☑ is financially unable to pay the fee of any witness and pursuant to Rule 17(b), Federal Rules of Criminal Procedure, Title 18 U.S.C., the Clerk shall issue a subpoena for any witness, PROVIDED that the defendant and his counsel shall submit subpoenas only for those witnesses whose presence is necessary to present an adequate defense to the charge or charges.

It is so **ORDERED**.

Dated: MAY 9, 2000

[signature]
KENT SANDIDGE, III
United States Magistrate Judge

cc: United States Attorney
Federal Public Defender
United States Marshal
United States Probation



IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

0:30 p.m.

UNITED STATES OF AMERICA V. William T. Moccia
CRIMINAL NO. 00-4064-MS OUT OF DISTRICT NO. 00-4092-SNOW

MAGISTRATE JUDGE'S RESUME

**INITIAL HEARING HELD:** ____ **Defendant Arrested:** ____

FILED
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENN.
MAY 12 2000
BY [signature] DEPUTY CLERK

Government represented by: ____
Defendant advised of contents of Complaint/Indictment/Information ____
Defendant advised of constitutional rights ____
Defendant advised of right to preliminary hearing ____
**Defendant appeared with retained counsel:** __ **NO** __ **YES – Name:** ____

Financial Affidavit filed: __ NO __ YES
**Federal Public Defender appointed:** __ **NO** __ **YES** **Name:** ____

Government filed motion for Detention: __ NO __ YES
Defendant temporarily detained: __ NO __ YES
Defendant is in State custody: __ NO __ YES
Defendant released on ____ bond
MAGISTRATE: __ GRIFFIN __ BROWN __ SANDIDGE

**PRELIMINARY HEARING ~~HELD~~:** no longer required as def. was recently (05/11/00) indicted in Southern District of Florida. **WAIVED:** ____

Bound Over/Discharged/Held to Answer in District of Prosecution ____
MAGISTRATE: __ GRIFFIN __ BROWN __ SANDIDGE

✓**DETENTION HEARING HELD:** 05/12/00 **WAIVED:** ____

Defendant appeared with counsel: __ NO ✓ YES Name: Sumter Camp
Bond set at $100,000.00 / Property Surety Released on Defendant to remain in custody until bond is forthcoming.
Defendant detained until trial, order entered ____
MAGISTRATE: __ GRIFFIN __ BROWN ✓ SANDIDGE

**GRAND JURY WAIVED:** ____

MAGISTRATE: __ GRIFFIN __ BROWN __ SANDIDGE

**ARRAIGNMENT HELD** ____ **WAIVED:** ____

Defense counsel: ____
Defendant acknowledges he/she has copy of Indictment/Information ____
Waives reading thereof ____
Plea: __ Guilty __ Not Guilty
Intends to plead guilty and referred to District Judge ____
Defendant did not appear, bench warrant issued ____
Continued to: ____ Standing Discovery Order entered ____
MAGISTRATE: __ GRIFFIN __ BROWN __ SANDIDGE

**OTHER:**

Defendant appeared on ____ to apply for appointment of counsel
Financial affidavit filed: __ NO __ YES
Federal Public Defender appointed: __ NO __ YES

**Date defendant first appeared with counsel other than one of the above:** ____
Name of counsel: ____
Type of hearing: ____
MAGISTRATE: __ GRIFFIN __ BROWN __ SANDIDGE

(6)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6119 CR-ZLOCH
21 U.S.C. § 841(a)(1)
21 U.S.C. § 846
21 U.S.C. § 952(a)
21 U.S.C. § 963
18 U.S.C. § 2

MAGISTRATE JUDGE
SELTZER

UNITED STATES OF AMERICA,

v.

GREGORY PILLOCK,
LAWRENCE LONDON,
WILLIAM MOCCIA, a/k/a "BILLY,"
TERRILL MYERS,
ERIK JOHNSON,
ROD STIDHAM,
and
JOHN MINIX,

Defendants.
_______________________________/




**INDICTMENT**

The Grand Jury charges that:

**COUNT I**

From on or about April 1, 2000, through on or about April 23, 2000, at Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**GREGORY PILLOCK,**
**LAWRENCE LONDON,**
**WILLIAM MOCCIA, a/k/a "BILLY,"**
**TERRILL MYERS,**
**ERIK JOHNSON,**
**and**
**ROD STIDHAM,**

did knowingly and intentionally combine, conspire, confederate and agree with each other and with

other persons known and unknown to the Grand Jury to import into the United States, from a place outside thereof, a Schedule I controlled substance, that is, a mixture and substance containing a detectable amount of marijuana, in violation of Title 21, United States Code, Section 952(a); all in violation of Title 21, United States Code, Section 963.

**COUNT II**

On or about April 23, 2000, at Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**GREGORY PILLOCK,**
**LAWRENCE LONDON,**
**WILLIAM MOCCIA, a/k/a "BILLY,"**
**TERRILL MYERS,**
**ERIK JOHNSON,**
**and**
**ROD STIDHAM,**

did knowingly and intentionally import into the United States, from a place outside thereof, a Schedule I controlled substance, that is, a mixture and substance containing a detectable amount of marijuana; in violation of Title 21, United States Code, Section 952(a), and Title 18, United States Code, Section 2.

**COUNT III**

From on or about April 1, 2000, through on or about April 23, 2000, at Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**GREGORY PILLOCK,**
**LAWRENCE LONDON,**
**WILLIAM MOCCIA, a/k/a "BILLY,"**
**TERRILL MYERS,**
**ERIK JOHNSON,**
**ROD STIDHAM,**
**and**
**JOHN MINIX,**

did knowingly and intentionally combine, conspire, confederate and agree with each other and with other persons known and unknown to the Grand Jury to possess with the intent to distribute a Schedule I controlled substance, that is, a mixture and substance containing a detectable amount of marijuana, in violation of Title 21, United States Code, Section 952(a); all in violation of Title 21, United States Code, Section 846.

**COUNT IV**

From on or about April 23, 2000, to May 2, 2000, at Broward County, in the Southern District of Florida, and elsewhere the defendants,

**GREGORY PILLOCK,**
**LAWRENCE LONDON,**
**WILLIAM MOCCIA, a/k/a "BILLY,"**
**TERRILL MYERS,**
**ERIK JOHNSON,**
**ROD STIDHAM,**
**and**
**JOHN MINIX,**

did knowingly and intentionally possess with the intent to distribute a Schedule I controlled substance, that is, a mixture and substance containing a detectable amount of marijuana; in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2

A TRUE BILL

Richard M. Sloan

FOREPERSON

Eileen O'Connor

THOMAS E. SCOTT
UNITED STATES ATTORNEY

BERTHA R. MITRANI
ASSISTANT UNITED STATES ATTORNEY

did knowingly and intentionally combine, conspire, confederate and agree with each other and with other persons known and unknown to the Grand Jury to possess with the intent to distribute a Schedule I controlled substance, that is, a mixture and substance containing a detectable amount of marijuana, in violation of Title 21, United States Code, Section 952(a); all in violation of Title 21, United States Code, Section 846.

**COUNT IV**

From on or about April 23, 2000, to May 2, 2000, at Broward County, in the Southern District of Florida, and elsewhere the defendants,

**GREGORY PILLOCK,**
**LAWRENCE LONDON,**
**WILLIAM MOCCIA, a/k/a "BILLY,"**
**TERRILL MYERS,**
**ERIK JOHNSON,**
**ROD STIDHAM,**
**and**
**JOHN MINIX,**

did knowingly and intentionally possess with the intent to distribute a Schedule I controlled substance, that is, a mixture and substance containing a detectable amount of marijuana, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

A TRUE BILL

FOREPERSON

THOMAS E. SCOTT
UNITED STATES ATTORNEY

BERTHA R. MITRANI
ASSISTANT UNITED STATES ATTORNEY

# United States District Court

FILED
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENN.

MAY 15 2000

BY ______ DEPUTY CLERK

MIDDLE DISTRICT OF TENNESSEE

UNITED STATES OF AMERICA

V.

WILLIAM T. MOCCIA

Defendant

## ORDER SETTING CONDITIONS OF RELEASE

Case Number: 00-4064-MS
(OUT OF DISTRICT NO. 00-4092-SNOW

IT IS ORDERED that the release of the defendant is subject to the following conditions:

(1) The defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

(2) The defendant shall immediately advise the court, defense counsel and the U.S. attorney in writing of any change in address and telephone number.

(3) The defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed. The defendant shall next appear at (if blank, to be notified) ____________ Place

____________ on ____________ Date and Time

### Release on Personal Recognizance or Unsecured Bond

IT IS FURTHER ORDERED that the defendant be released provided that:

( ✓ ) (4) The defendant promises to appear at all proceedings as required and to surrender for service of any sentence imposed.

( ) (5) The defendant executes an unsecured bond binding the defendant to pay the United States the sum of ____________ dollars ($____________) in the event of a failure to appear as required or to surrender as directed for service of any sentence imposed.



WHITE COPY - COURT YELLOW - DEFENDANT BLUE - U.S. ATTORNEY PINK - U.S. MARSHAL GREEN - PRETRIAL SERVICES

## Additional Conditions of Release

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the defendant and the safety of other persons and the community.

IT IS FURTHER ORDERED that the release of the defendant is subject to the conditions marked below:

( ) (6) The defendant is placed in the custody of:

(Name of person or organization) ________________

(Address) ________________

(City and state) ________________ (Tel. No.) ________________

who agrees (a) to supervise the defendant in accordance with all the conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears.

Signed: ________________ __________
Custodian or Proxy Date

( X ) (7) The defendant shall:

- ( X ) (a) report to the PRETRIAL SERVICES OFFICER IN COLUMBIA, TN.
  telephone number __________, not later than __________.
- ( X ) (b) execute a bond or an agreement to forfeit upon failing to appear as required the following sum of money or designated property:
  $100,000.00
- ( X ) (c) post with the court the following indicia of ownership of the above-described property, or the following amount or percentage of the above-described HIS HOME AND OTHER PROPERTY OR CASH TOTALING $100,000.00
- ( ) (d) execute a bail bond with solvent sureties in the amount of $________.
- ( X ) (e) maintain or actively seek employment.
- ( ) (f) maintain or commence an education program.
- ( ) (g) surrender any passport to: ________________
- ( X ) (h) obtain no passport.
- ( X ) (i) abide by the following restrictions on personal association, place of abode, or travel: TRAVEL IS RESTRICTED TO THE MIDDLE DISTRICT OF TENNESSEE EXCEPT FOR COURT APPEARANCES IN SOUTHERN DISTRICT OF FLORIDA WITH PRIOR PERMISSION OF PRETRIAL SERV
- ( X ) (j) avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution, including but not limited to: ________________
- ( ) (k) undergo medical or psychiatric treatment and/or remain in an institution as follows: ________________
- ( ) (l) return to custody each (week)day as of ________ o'clock after being released each (week)day as of ________ o'clock for employment, schooling, or the following limited purpose(s): ________________
- ( ) (m) maintain residence at a halfway house or community corrections center, as deemed necessary by the pretrial services office or supervising officer.
- ( X ) (n) refrain from possessing a firearm, destructive device, or other dangerous weapons.
- ( X ) (o) refrain from ( ) any ( X ) excessive use of alcohol.
- ( X ) (p) refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
- ( X ) (q) submit to any method of testing required by the pretrial services office or the supervising officer for determining whether the defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing.
- ( ) (r) participate in a program of inpatient or outpatient substance abuse therapy and counseling if deemed advisable by the pretrial services office or supervising officer.
- ( ) (s) refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibit substance testing or electronic monitoring which is (are) required as a condition(s) of release.
- ( ) (t) participate in one of the following home confinement program components and abide by all the requirements of the program which ( ) will or ( ) will not include electronic monitoring or other location verification system. You shall pay all or part of the cost of the program based upon your ability to pay as determined by the pretrial services office or supervising officer.
  - ( X ) (i) **Curfew.** You are restricted to your residence every day ( ) from ______ to ______, or ( ) as directed by the pretrial services office or supervising officer; or
  - ( X ) (ii) **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the pretrial services office or supervising officer; or
  - ( X ) (iii) **Home Incarceration.** You are restricted to your residence at all times except for medical needs or treatment, religious services, and court appearances pre-approved by the pretrial services office or supervising officer.
- (u) report as soon as possible, to the pretrial services office or supervising officer any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.
- ( X ) (v) SURRENDER ALL INDICIA OF HIS BEING A LICENSED AIRPLANE PILOT
- ( ) (w) ________________
- ( ) (x) ________________

## Advice of Penalties and Sanctions

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine, or both.

The commission of any crime while on pre-trial release may result in an additional sentence to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be in addition to any other sentence.

Federal law makes it a crime punishable by up to five years of imprisonment, and a $250,000 fine or both to intimidate or attempt to intimidate a witness, victim, juror, informant or officer of the court, or to obstruct a criminal investigation. It is also a crime punishable by up to ten years of imprisonment, a $250,000 fine or both, to tamper with a witness, victim or informant, or to retaliate against a witness, victim or informant, or to threaten or attempt to do so.

If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you shall be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony, you shall be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor, you shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other offense. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

## Acknowledgement of Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

______________________________
Signature of Defendant

______________________________
Address

______________________________
City and State Telephone

## Directions to United States Marshal

( ) The defendant is ORDERED released after processing.
(✓) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judicial officer that the defendant has posted bond and/or complied with all other conditions for release. The defendant shall be produced before the appropriate judicial officer at the time and place specified, if still in custody.

Date: 5/15/00

[signature]
Signature of Judicial Officer

KENT SANDIDGE, III
U. S. MAGISTRATE JUDGE
Name and Title of Judicial Officer

FILED
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENN.
MAY 15 2000
BY ______ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

UNITED STATES OF AMERICA )
) NO. 00-4064-MS
v. ) OUT OF DISTRICT NO. 00-4092-SNOW
)
WILLIAM MOCCIA )

**ORDER WITH RESPECT TO PERSON ARRESTED ON OUT-OF-DISTRICT WARRANT**

The defendant, WILLIAM MOCCIA, was arrested in this District on a Warrant issued in the SOUTHERN District of FLORIDA, charging defendant with:

[ X ] violations of 21 U.S.C. 841(a)(1), 21 U.S.C. 846, 21 U.S.C. 952(a) and 21 U.S.C. 963;

[ ] violations of conditions of probation;

[ ] failure to appear as required by subpoena/terms of release;

[ ] violation of conditions of release.

and based on the findings checkmarked below:

[ ] **SECTION I. PRELIMINARY PROCEEDINGS:**

[ ] Identity/Preliminary Hearing held ________________ and the Court finds:

[ ] warrant or certified copy produced/not produced;

[ ] wrong person;

[ ] no probable cause;

[ ] probable cause defendant committed offense charged;

[ ] identity established

[ ] other:



[ X ] No Preliminary Hearing held because:

[ X ] indictment/information returned;

[ ] defendant elected to defer preliminary hearing until return to district of prosecution;

[ ] Court finds defendant is the individual named in the Warrant;

[ X ] defendant waived identity hearing.

[ ] **SECTION II. PROBATIONER:**

[ ] Jurisdiction remains in the ____________________District of ______________________________;

[ ] Violation of conditions of probation occurred in another District;

[ ] A violation of condition of probation occurred in this District and a Preliminary Hearing was held on ___________________________, and the Court finds:

[ ] probable cause;

[ ] no probable cause;

[ ] wrong person.

[ ] Certified copies of probation order, warrant and application have been produced;

[ ] Defendant is the individual named in the warrant;

[ ] Defendant waived identity hearing.

[ ] **SECTION III. FAILURE TO APPEAR OR VIOLATION OF RELEASE CONDITION:**

Hearing: ______________ (date)

[ ] Warrant or certified copy produced;

[ ] defendant is the person named in the Warrant;

[ ] wrong person;

[ ] defendant waived identity hearing.

[ X ] **IT IS SO ORDERED:**

[ ] That defendant be **DISCHARGED** from custody.

[ X ] That defendant be **HELD TO ANSWER** in the SOUTHERN District of FLORIDA at such time and place as required by notice or order **OR** the defendant shall appear on ______________ at __________, at the U. S. District Court, ______________ District of ____________________ at __________.

BOND: #100,000 secured          DATE MADE: ______________

[ ] Let a Commitment to Another District issue to the U.S. Marshal, the defendant having failed to make bond, or the Court having ordered the defendant detained.

**SO ORDERED.**

MAY 15, 2000
Date

KENT SANDIDGE, III
UNITED STATES MAGISTRATE JUDGE

FILED
U.S. DISTRICT COURT
MAY 17 2000
BY ___ DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

UNITED STATES OF AMERICA )
)
)
v. ) No. 00-4064-MS
)
)
WILLIAM MOCCIA )

MOTION FOR AMENDMENT OF CONDITIONS OF RELEASE

Comes the defendant, William Moccia, by and through counsel, Sumter L. Camp, and hereby moves the Court to amend the conditions of release imposed on May 12, 2000, specifically condition 7(b) of the Order Setting Conditions requiring Mr. Moccia to post a $100,000.00 bond before being released. Defendant is prepared to post his real property and the title to his vehicles as collateral on the bond. That will still leave him approximately $12,000 short of the $100,000 previously set. Defendant submits that the amount Mr. Moccia is able to post is significant and will ensure that he makes his court appearances as required. It is clear at this point that the collateral being posted with the Court represents virtually the totality of Mr. Moccia's assets. "The judicial officer may not impose a financial condition that results in the pretrial detention of the person." 18 U.S.C. § 3142(c)(2). In this case, were Mr. Moccia to flee his family would be left homeless. Defendant submits that such condition, amended to reflect the value of the property being posted as collateral, will satisfy the aims of the Bail Reform Act and, therefore, moves the Court to amend condition 7(b) of the Order Setting Conditions of Release to reflect the amount of the collateral being posted with the Court, namely the defendant's residence and vehicles.



Respectfully submitted,

SUMTER L. CAMP
Assistant Federal Public Defender
Attorney for Defendant
810 Broadway Suite 200
Nashville, TN 37203
615-736-5047

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing has been provided to the Honorable Lawrence Moon, Jr., Assistant United States Attorney, 901 Ninth Avenue South, Suite A961, Nashville, TN 37203-3870, and U.S. Probation Officer Paulette Allen, U.S. Probation Office, A-725 U.S. Courthouse, Nashville, Tennessee, 37203, this the 17th day of May, 2000.

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
*****

FILED
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENN

MAY 17 2000

BY [signature]
DEPUTY CLERK

MAGISTRATE JUDGE'S RESUME FOR
MISCELLANEOUS CRIMINAL PROCEEDING

UNITED STATES OF AMERICA V. William T. Moccia
CRIMINAL NO. 00-4064-MS

MAGISTRATE: ___ GRIFFIN ___ BROWN ✓ SANDIDGE

*****************************************************************************

DEFENSE COUNSEL: Sumter Camp

GOVERNMENT COUNSEL: Larry Moon

DATE: 05/17/00

TYPE OF HEARING: Review bond conditions re Appearance Bond/

DECISIONS OF COURT/RESULTS OF HEARING: Property as security

Amount of property surety bond reduced to $86,000.00 (home & 2 vehicles) per agreement of all counsel. See attached Order. Defendant's wife to immediately mail originals of appropriate documents to Judge Sandidge.

Patsy Flowers
COURTROOM DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

UNITED STATES OF AMERICA )
) NO. 00-4064-MS
v. ) OUT OF DISTRICT NO. 00-4092-SNOW
)
WILLIAM T. MOCCIA )

**ORDER**

Upon motion of the defendant in this case for amendment of conditions of release, a hearing was held on May 17, 2000.

The conditions of release which were imposed in the Court's Order dated May 15, 2000, are hereby amended to show that the property bond is reduced from $100,000.00 to $80,000.00 The collateral is a deed of trust on the house owned by the defendant and his spouse with an equity of $70,000.00 and the titles to two automobiles totaling $11,000.00.

It is so **ORDERED** this 17th day of May, 2000.

KENT SANDIDGE, III
United States Magistrate Judge

This document was entered on the docket in compliance with Rule 55, FRCrimP, on 5-25-00 By:



AO 98 (Rev. 8/85) Appearance Bond

# UNITED STATES DISTRICT COURT

MIDDLE District of TENNESSEE

FILED
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENN
MAY 17 2000
BY DEPUTY CLERK

UNITED STATES OF AMERICA
V.

WILLIAM T. MOCCIA

Defendant

**APPEARANCE BOND**

Case Number: 00-4064-MS

Non-surety: I, the undersigned defendant acknowledge that I and my . . .
Surety: We, the undersigned, jointly and severally acknowledge that we and our . . .
personal representatives, jointly and severally, are bound to pay to the United States of America the sum of
$ ~~100,000.00~~ 80,000.00, and there has been deposited in the Registry of the Court the sum of
$ ______ in cash or PROPERTY AS SURETY (describe other security.)

The conditions of this bond are that the defendant, WILLIAM T. MOCCIA (Name)
is to appear before this court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of defendant's release as may be ordered or notified by this court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment.

It is agreed and understood that this is a continuing bond (including any proceeding on appeal or review) which shall continue until such time as the undersigned are exonerated.

If the defendant appears as ordered or notified and otherwise obeys and performs the foregoing conditions of this bond, then this bond is to be void, but if the defendant fails to obey or perform any of these conditions, payment of the amount of this bond shall be due forthwith. Forfeiture of this bond for any breach of its conditions may be declared by any United States District Court having cognizance of the above entitled matter at the time of such breach and if the bond is forfeited and if the forfeiture is not set aside or remitted, judgment, may be entered upon motion in such United States District Court against each debtor jointly and severally for the amount above stated, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and any other laws of the United States.

This bond is signed on MAY 17, 2000 (Date) at NASHVILLE, TENNESSEE (Place)

Defendant [signature] Address 3156 HAYWOOD RD., PULASKI, TN. 38478

Surety [signature] Address ______

Surety ______ Address ______

Signed and acknowledged before me 5/17/00 (Date)

[signature]
Judicial Officer/Clerk

Approved [signature]
Judicial Officer

(13)

# United States District Court

FILED
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENN.

MIDDLE DISTRICT OF TRENNESSEE

MAY 17 2000

BY [signature] DEPUTY CLERK

UNITED STATES OF AMERICA

V.

WILIAM T. MOCCIA

Defendant

## ORDER SETTING CONDITIONS OF RELEASE

Case Number: 00-4064-ms

IT IS ORDERED that the release of the defendant is subject to the following conditions:

(1) The defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

(2) The defendant shall immediately advise the court, defense counsel and the U.S. attorney in writing of any change in address and telephone number.

(3) The defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed. The defendant shall next appear at (if blank, to be notified) ______ Place

______ on ______ Date and Time

### Release on Personal Recognizance or Unsecured Bond

IT IS FURTHER ORDERED that the defendant be released provided that:

( ✓ ) (4) The defendant promises to appear at all proceedings as required and to surrender for service of any sentence imposed.

( ) (5) The defendant executes an unsecured bond binding the defendant to pay the United States the sum of ______ dollars ($______) in the event of a failure to appear as required or to surrender as directed for service of any sentence imposed.

(14)

## Additional Conditions of Release

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the defendant and the safety of other persons and the community.

IT IS FURTHER ORDERED that the release of the defendant is subject to the conditions marked below:

( ) (6) The defendant is placed in the custody of:
(Name of person or organization) ______
(Address) ______
(City and state) ______ (Tel. No.) ______

who agrees (a) to supervise the defendant in accordance with all the conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears.

Signed: ______ ______
Custodian or Proxy Date

(X) (7) The defendant shall:

(X) (a) report to the PRETRIAL SERVICES OFFICE, COLUMBIA, TN.
telephone number ______, not later than ______.

(X) (b) execute a bond or an agreement to forfeit upon failing to appear as required the following sum of money or designated property:
$80,000.00 property (home and vehciles)

(X) (c) post with the court the following indicia of ownership of the above-described property. or the following amount or percentage of the above-described property - home and vehicles)

( ) (d) execute a bail bond with solvent sureties in the amount of $______.

(X) (e) maintain or actively seek employment.

( ) (f) maintain or commence an education program.

( ) (g) surrender any passport to: ______

(X) (h) obtain no passport.

(X) (i) abide by the following restrictions on personal association, place of abode, or travel: TRAVEL IS RESTRICTED TO THE MIDDLE DISTRICT OF TN. EXCEPT FOR COURT APPEARANCES IN SOUTHERN DISTRCT OF FLORIDA WITH PERMISSION OF PRETRIAL SERV

( ) (j) avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution, including but not limited to: ______

( ) (k) undergo medical or psychiatric treatment and/or remain in an institution as follows: ______

( ) (l) return to custody each (week)day as of ______ o'clock after being released each (week)day as of ______ o'clock for employment, schooling, or the following limited purpose(s): ______

( ) (m) maintain residence at a halfway house or community corrections center, as deemed necessary by the pretrial services office or supervising officer.

(X) (n) refrain from possessing a firearm, destructive device, or other dangerous weapons.

(X) (o) refrain from ( ) any (X) excessive use of alcohol.

(X) (p) refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

(X) (q) submit to any method of testing required by the pretrial services office or the supervising officer for determining whether the defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing.

( ) (r) participate in a program of inpatient or outpatient substance abuse therapy and counseling if deemed advisable by the pretrial services office or supervising officer.

( ) (s) refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibit substance testing or electronic monitoring which is (are) required as a condition(s) of release.

( ) (t) participate in one of the following home confinement program components and abide by all the requirements of the program which ( ) will or ( ) will not include electronic monitoring or other location verification system. You shall pay all or part of the cost of the program based upon your ability to pay as determined by the pretrial services office or supervising officer.

( )(i) **Curfew**. You are restricted to your residence every day ( ) from ______ to ______, or ( ) as directed by the pretrial services office or supervising officer; or

( )(ii) **Home Detention**. You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the pretrial services office or supervising officer; or

( )(iii) **Home Incarceration**. You are restricted to your residence at all times except for medical needs or treatment, religious services, and court appearances pre-approved by the pretrial services office or supervising officer.

(u) report as soon as possible, to the pretrial services office or supervising officer any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.

(X) (v) SURRENDER ALL INDICIA OF HIS BEING A LICENSED AIRPLANE PILOT

( ) (w) ______

( ) (x) ______

## Advice of Penalties and Sanctions

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine, or both.

The commission of any crime while on pre-trial release may result in an additional sentence to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be in addition to any other sentence.

Federal law makes it a crime punishable by up to five years of imprisonment, and a $250,000 fine or both to intimidate or attempt to intimidate a witness, victim, juror, informant or officer of the court, or to obstruct a criminal investigation. It is also a crime punishable by up to ten years of imprisonment, a $250,000 fine or both, to tamper with a witness, victim or informant, or to retaliate against a witness, victim or informant, or to threaten or attempt to do so.

If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony, you shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor, you shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other offense. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

## Acknowledgement of Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

Signature of Defendant

as shown on

Address

[illegible]

City and State Telephone

## Directions to United States Marshal

(✓) The defendant is ORDERED released after processing.

( ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judicial officer that the defendant has posted bond and/or complied with all other conditions for release. The defendant shall be produced before the appropriate judicial officer at the time and place specified, if still in custody.

Date: 5-17-00

Signature of Judicial Officer

US Mag. Judge

Name and Title of Judicial Officer

FILED
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENN

MAY 18 2000

BY [signature]
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

UNITED STATES OF AMERICA )
)
v. ) No. 00-4064-MS
) (S.D.Fla. No. 00-4092-Snow)
)
WILLIAM T. MOCCIA )

AFFIDAVIT OF WILLIAM T. MOCCIA

William T. Moccia having been duly sworn according to law, deposes and states as follows:

1. I pledge the following vehicles as security for my release pending trial of this case:

VIN # 2FTJW36M4PCA97530 1993 Ford F350
VIN# 1FAPP624OLH118400 1990 Ford Thunderbird

2. As indicated by my signature, I assign all of my interests in this property to the Clerk, United States District Court, Middle District Tennessee to secure my appearance and performance with the conditions of my pre-trial release.

3. Attached to my affidavit if the original Certificate of Title to the 1993 Ford 350; the Certificate of Title to the 1990 Ford Thunderbird is attached to the affidavit of my spouse, the co-owner on this vehicle.

FURTHER AFFIANT SAITH NOT.

[signature]
WILLIAM T. MOCCIA

Sworn and subscribed to before me
this 17th day of May, 2000.

[signature]
NOTARY PUBLIC

My commission expires: 3-29-03

15



STATE OF TENNESSEE

CERTIFICATE OF TITLE

189VGF

| VEHICLE IDENTIFICATION NO. | YEAR | MAKE OF VEHICLE | MODEL | BODY | TITLE NO |
|---|---|---|---|---|---|
| 1FAPP6240LH118400 | 90 | FORD | THU | 20 | 53032968 |

| NEW | USED | PREVIOUS TITLE NO | PREV. STATE | SALES OR USE TAX | CO | ODOMETER |
|---|---|---|---|---|---|---|
| | X | 48547744 | FL | | 28 | 108363 |

| DATE TITLE ISSUED | DATE ACQUIRED | |
|---|---|---|
| 12-02-96 | 09-15-93 | ACTUAL MILEAGE |

NAME(S) AND ADDRESS OF REGISTERED OWNER(S)

T MOCCIA
AND TERRY MOCCIA
1648 HAYWOOD CREEK ROAD
PULASKI TN 38478

DATE OF FIRST SECURITY INTEREST

FIRST LIENHOLDER

DATE OF SECOND SECURITY INTEREST

SECOND LIENHOLDER

RELEASE OF LIENS
(FIRST LIEN) INTEREST IN THE DESCRIBED VEHICLE IS HEREBY RELEASED

NAME ______ DATE RELEASED ______

AUTHORIZED SIGNATURE ______

(SECOND LIEN) INTEREST IN THE DESCRIBED VEHICLE IS HEREBY RELEASED

NAME ______ DATE RELEASED ______

AUTHORIZED SIGNATURE ______

After the exercise of reasonable diligence in ascertaining whether or not the statements made in the application are true, the applicant above named has been duly recorded in this department as the owner of the motor vehicle described, subject to the below liens if any. Any letter or other communications regarding motor vehicle Certificate of Title should be to: STATE OF TENNESSEE TITLING AND REGISTRATION DIVISION, Airways Plaza II, 7203 Murfreesboro Rd., Nashville, Tennessee 37243-8050.

Commissioner

SF-0950

CONTROL NO
13671192

STATE OF TENNESSEE DEPARTMENT OF SAFETY

VOID

STORE IN A SAFE PLACE — ANY ALTERATION OR ERASURE VOIDS THIS TITLE

THE FACE OF THIS DOCUMENT HAS A COLORED BACKGROUND ON WHITE PAPER

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 00-4064-MS |
| | ) | (S.D.Fla. No. 00-4092-Snow) |
| | ) | |
| WILLIAM T. MOCCIA | ) | |

AFFIDAVIT OF TERRY MOCCIA

Terry Moccia having been duly sworn according to law, deposes and states as follows:

1. I pledge the following vehicles as security for the release of William T. Moccia pending trial of this case:

VIN# 1FAPP624OLH118400 1990 Ford Thunderbird

2. As indicated by my signature, I assign all of my interests in this property to the Clerk, United States District Court, Middle District Tennessee to secure the appearance and performance with the conditions of pre-trial release of William T. Moccia.

3. Attached to my affidavit is the original Certificate of Title to the 1990 Ford Thunderbird.

FURTHER AFFIANT SAITH NOT.

Terry Moccia
TERRY MOCCIA

Sworn and subscribed to before me
this 17th day of May, 2000.

Darlene S. Taylor
NOTARY PUBLIC

My commission expires: 01-27-01



STATE OF TENNESSEE

CERTIFICATE OF TITLE

148YGF

| VEHICLE IDENTIFICATION NO. | YEAR | MAKE OF VEHICLE | MODEL | BODY | TITLE NO. |
|---|---|---|---|---|---|
| 2FTJW36M4PCA97530 | 93 | FORD | F35 | PK | 55153018 |

| NEW | USED | PREVIOUS TITLE NO. | PREV STATE | SALES OR USE TAX | CO. | ODOMETER |
|---|---|---|---|---|---|---|
| | X | 52869699 | TN | $37.50 | 28 | 185600 |

| DATE TITLE ISSUED | DATE ACQUIRED | |
|---|---|---|
| 10-30-97 | 10-01-96 | ACTUAL MILEAGE |

NAME(S) AND ADDRESS OF REGISTERED OWNER(S)

WILLIAM T MOCCIA
1648 HAYWOOD CREEK RD
PULASKI TN 38478

DATE OF FIRST SECURITY INTEREST 10-22-97

FIRST LIENHOLDER 10420

1ST NATIONAL BANK OF PULASKI
P O BOX 289
PULASKI TN 38478

DATE OF SECOND SECURITY INTEREST

SECOND LIENHOLDER

After the exercise of reasonable diligence in ascertaining whether or not the statements made in the application are true, the applicant above named has been duly recorded in this department as the owner of the motor vehicle described, subject to the below liens, if any. Any letter or other communications regarding motor vehicle Certificate of Title should be to: STATE OF TENNESSEE, TITLING AND REGISTRATION DIVISION, Airways Plaza II, 1292 Murfreesboro Rd., Nashville, Tennessee 37243-3080.

CONTROL NO. 15770435

SF-0950

RELEASE OF LIENS

(FIRST LIEN) INTEREST IN THE DESCRIBED VEHICLE IS HEREBY RELEASED

NAME First National Bank DATE RELEASED 2/28/00

AUTHORIZED SIGNATURE [signature]

(SECOND LIEN) INTEREST IN THE DESCRIBED VEHICLE IS HEREBY RELEASED

NAME DATE RELEASED

AUTHORIZED SIGNATURE

Commissioner

STATE OF TENNESSEE DEPARTMENT OF SAFETY

VOID VOID VOID VOID VOID

THE FACE OF THIS DOCUMENT HAS A COLORED BACKGROUND ON WHITE PAPER

STORE IN A SAFE PLACE — ANY ALTERATION OR ERASURE VOIDS THIS TITLE

FILED
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENN.
MAY 23 2000
BY DEPUTY CLERK

```
[rcptrec]                CFS-1 V8.1 -- Tennessee Middle     23 MAY 2000 - 09:35
[M]ODIFY                       Receipt Maintenance
REGISTER NO     :100
RECEIPT NO      :74183
RECEIPT SUB NO :1        RECEIPT TYPE: C   RECEIPT DATE:05/18/00
TENDER TYPE:C            RECEIPT AMT:           0.00

FUND       :604700  CASE NO:3:00-MG-4064S    PAYMENT TYPE:8
                    DEFENDANT:1  MOCCIA, WILLIAM T.
                    BANK CODE:       BANK ACCOUNT:

VOUCHER NO   :0       PAYOR NO:
SUB VOUCHER :0        VENDOR INV:0
FY:      BUDGET ORG:        BUDGET OBJ CLASS:      SUB OBJ CLASS:
         COST ORG  :        REVENUE SOURCE   :
REMARKS:MOCCIA, WILLIAM & TERRY FOR MOCCIA, WILLIAM/3:00-4064/DOT/BK
REMARKS:DT307, PG 429-431/3156 HAYWOOD CREEK RD, PULASKI/SANDIDGE ORD 5/17/00
                           POSTED DATE:**/**/**   ERR CODE:0
```





FILED
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENN

MAY 2 3 2000

BY ______ DEPUTY CLERK

```
[rcptrec]                CFS-1 V8.1 -- Tennessee Middle      23 MAY 2000 - 09:35
[M]ODIFY                       Receipt Maintenance
REGISTER NO      :100
RECEIPT NO       :74183
RECEIPT SUB NO :3        RECEIPT TYPE: C    RECEIPT DATE:05/18/00
TENDER TYPE:C            RECEIPT AMT:             0.00

FUND        :604700   CASE NO:3:00-MG-4064S    PAYMENT TYPE:8
                      DEFENDANT:1  MOCCIA, WILLIAM T.
                      BANK CODE:       BANK ACCOUNT:

VOUCHER NO   :0        PAYOR NO:
SUB VOUCHER :0         VENDOR INV:0
FY:     BUDGET ORG:          BUDGET OBJ CLASS:       SUB OBJ CLASS:
        COST ORG   :         REVENUE SOURCE   :
REMARKS:MOCCIA, WILLIAM/3:00-4064/CERT OF TITLE/VIN 2FTJW36M4PCA97530
REMARKS:SANDIDGE ORD 5/17/00
                           POSTED DATE:**/**/**    ERR CODE:0
```

1 ICMS 156.125.34.227 1 3/18



FILED
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENN.

MAY 23 2000

BY ______ DEPUTY CLERK

```
[rcptrec]                CFS-1 V8.1 -- Tennessee Middle     23 MAY 2000 - 09:35
[M]ODIFY                       Receipt Maintenance
REGISTER NO     :100
RECEIPT NO      :74183
RECEIPT SUB NO :2        RECEIPT TYPE: C    RECEIPT DATE:05/18/00
TENDER TYPE:C            RECEIPT AMT:            0.00

FUND       :604700  CASE NO:3:00-MG-4064S    PAYMENT TYPE:8
                    DEFENDANT:1  MOCCIA, WILLIAM T.
                    BANK CODE:       BANK ACCOUNT:

VOUCHER NO   :0       PAYOR NO:
SUB VOUCHER :0        VENDOR INV:0
FY:      BUDGET ORG:         BUDGET OBJ CLASS:       SUB OBJ CLASS:
         COST ORG   :        REVENUE SOURCE   :
REMARKS:MOCCIA, WILLIAM/3:00-4064/CERT OF TITLE/VIN 1FAPP6240LH118400
REMARKS:SANDIDGE ORD 5/17/00
                             POSTED DATE:**/**/**    ERR CODE:0
```



